FILED
FEB 1 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ALFRED L. STONE,
P.O. BOX 56443
WASHINGTON, D.C. 20040
(202) 531-5211

      Plaintiff

VS.

A-ADVANCE, LLC, d.b.a.
JOHN G. WEBSTER COMPANY
10738 TUCKER STREET
BELTSVILLE, MD. 20705
Official Capacity

RALPH SMITH, President
1528 BLUE MEADOW ROAD
POTOMAC, MD. 20854
Official & Individual Capacity

PHYLLISS D'HOPP
3112 18TH STREET NW
WASHINGTON D.C. 20010
Individual Capacity

JESSE SCHMIDT
CONNELL & SCHMIDT BUILDERS, LLC
217 5TH STREET SE
WASHINGTON D.C. 20003
Official & Individual Capacity

JESSE D. CONNELL
CONNELL & SCHMIDT BUILDERS, LLC
217 5TH STREET S.E.
WASHINGTON, D.C. 20003
Official & Individual Capacity

      Defendants

Case: 1:08-cv-00239
Assigned To : Sullivan, Emmet G.
Assign. Date : 2/13/2008
Description: Civil Rights-Non. Employ.

TORT CLAIM

TORTIOUS INTERFERENCE WITH
ECONOMIC ADVANTAGE

RECEIVED
JAN 3 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

PLAINTIFF'S COMPLAINT FOR DISPARATE TREATMENT
FOR DIFFERENT STANDARD OF CONDUCT FOR LICENSED
AFRICAN AMERICAN PLUMBERS-IN VIOLATION OF TITLE
42, SEC.1981(a), (b); AND, THE TORTUOUS INTERFERENCE BY
D'HOPP, CONNELL, AND SCHMIDT WITH THE PLAINTIFF'S
ECONOMIC ADVANTAGE WITH HIS EMPLOYER

Plaintiff alleges:

JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1343. This is a suit invoked to secure protection of and to redress deprivation of rights providing for the equal rights of all citizens and all persons within the jurisdiction of the United States according to Title 42, Sec. 1981 (a), (b), (c). The Court has jurisdiction to hear and resolve this complaint by virtue of Title 42, Sec. 1981 (a), (b), (c) and 28 U.S.C. Sec. 1331 and 1343(a), (4) and Title 28, Sec. 1391.

2. This also is a suit for a declaratory judgment pursuant to the provisions of Title 28, Sec. 2201, 2202 et seq., as Plaintiff seeks to recover from Defendants unpaid wages and benefits.

3. This is also a suit for the tortuous interference with economic advantage by the Defendants Phyllis D'Hopp, Jesse D. Connell, and Jesse Schmidt.

4. Jurisdiction is conferred on this Court by 28 U.S.C. Sec. 1391, 1331 and 1343(a).

5. At all times herein set forth, Defendant corporation and the Principal were an employer within the definition of the Fair Labor Standards Act of 1938, Sec. 3, 29 U.S.C. Sec. 201 thru 216(b), and Plaintiff was at all times herein set forth an employee within the definition of the section.

6. The proper venue of this action was is in this Court, as Plaintiff worked in the District of Columbia and the Defendants' discriminatory acts; and, their tortuous interference with Plaintiff's economic advantage took place within the District of Columbia.

## PARTIES

7. Plaintiff is a licensed African American Master Plumber & Gasfitter in the District of Columbia; and, whose address is P.O. Box 56443, Washington, DC. 20040.

8. Defendant Ralph P. Smith, is white, and serves as the President of A-Advance, LLC, a limited liability corporation; that, d.b.a. John G. Webster Company, (Hereinafter Webster), and is located at 10738 Tucker Street, Beltsville, MD. 20705. Ralph P. Smith resides at 1528 Blue Meadow Road, Potomac, MD. 20854.

9. Defendant Phyllis A. D'Hopp is white; and, holds herself out to be a developer. D'Hopp resides at 3112 18th Street NW, Washington, DC. 20010. A search of the business records at the DC Department of Consumer & Regulation fails to confirm a business listing for D'Hopp.

10. Defendant Connell & Schmidt Builders LLC, is a VA limited liability corporation that is delinquent in filing its corporate fees. The LLC is owned and managed by Jesse D. Connell (white), and Jesse Schmidt, (white); with a DC business address of 217 5th Street SE, Washington, DC 20003.

## COUNT I

## PLAINTIFF'S 1981 CLAIM

11. The Plaintiff Alfred L. Stone, an African American male, is licensed by the District of Columbia as a Master Plumber & Gasfitter.

12. On September 11, 2007, the Plaintiff was hired by the Defendant Webster (owned by members of the majority race) to supervise, design, and install the plumbing system at 3114 18th Street NW, albeit, the D'Hopp Project.

13. The terms of the Plaintiff's contract were $25.00 per hour for wages, benefits, (medical & disability insurance and a 401 K Pension Plan;) plus, a company truck.

14. The Plaintiff reported to the D'Hopp Project on September 20, 2007; and, was introduced to Phyllis D'Hopp, J.D. Connell, and Jesse Schmidt as a Master Plumber and Webster's new supervisor for the project.

15. From October 23rd, 2007 thru November 13, 2007, the white Defendants D'Hopp, Connell, and Schmidt, campaigned (misrepresented facts and disparaged the Plaintiff's name and reputation) to have Webster fire the Plaintiff. The Defendants campaigned to have the Plaintiff terminated because they resented the Plaintiff because of his African American ancestry; (no other Africa Americans or contractors on the project) and, they (D'Hopp, Connell, and Schmidt) wanted Gary, a white unlicensed plumber to supervise the project.

16. On or about November 14, 2007, Ralph Smith, the President of A-Advance LLC, terminated their contract with the qualified Plaintiff for his services as a Master Plumber; allegedly, because the company was closing their plumbing division.

17. Smith's reason was a pretext, before the Plaintiff exited Webster's building he personally overheard Ralph Smith (white) tell Gary, (a white unlicensed plumber) that he would supervise the D'Hopp Project.

18. Smith's conduct, in his official capacity violated DC Code, Sec. 47-2853.123, in that only licensed plumbers are authorized to supervise, design, and install plumbing in the District of Columbia.

19. Smith's conduct, in his official capacity, violated the qualified Plaintiff's right to make and enforce his contract with Webster according to Title 42, Sec. 1981(b); because Webster's plumbing division was not being abolished.

20. Smith terminated the Plaintiff's contract to allow a white unlicensed plumber named Gary to supervise the project, a violation of DC Code, Sec. 47-2853.123; which states; only licensed plumbers can supervise, design, and install plumbing in the District of Columbia.

21. Smith's conduct, in his individual capacity, also violated Title 42, Sec. 1981(b), which states African Americans must be afforded the same right to make and enforce a contract as a white American; because, on November 14, 2007, Smith was induced to violate Sec. 1981(b) because the other Defendants wanted the qualified African American Plaintiff terminated so that Gary, a white unlicensed plumber, could replace him. The Plaintiff was denied the equal protection of DC law.

WHEREFORE, the Plaintiff is entitled to actual and front damages for an uncertain amount.

## COUNT II

### PLAINTIFF'S 1981(b) CLAIM AGAINST D'HOPP, CONNELL & SCHMIDT

22. The Plaintiff restates and realleges all the statements made in Count I, paragraphs one (1) thru twenty one (21) of this complaint. In addition too, and more particular, the Plaintiff alleges:

5

23. From September 25, 2007 thru November 9, 2007, the Defendants D'Hopp, McConnell, and Schmidt interfered with the Plaintiff's right to make and enforce his contract according to Sec. 1981(b); by, lying about the Plaintiff his presence on the job; making requests for the improper installation of plumbing work; inducing subordinates to violate DC law; failing or refusing to order fixtures to be installed on the project; failing or refusing to call Washington Gas to install a meter rack on the project.

24. The Defendants' conduct of interference made it impossible for the Plaintiff to make and enforce his contract; and, their (D'Hopp, Schmidt, McConnell) harassing threats to Webster to allow Gary to supervise the project became self evident.

25. The Defendants, (D'Hopp, Schmidt, McConnell) augmented their tactics to induce Webster to replace the Plaintiff, by calling Webster on a daily based to complain about situations they created or manipulated. (failing to order Kohler fixtures, failing to order 2 x 4's to provide wood supports for the water lines installed by the Plaintiff, failing to provide ingress and egress for the project, failing to order a new gas meter rack).albeit; interfered with the qualified Plaintiff's right to make and enforce his contract.

WHEREFORE THE Plaintiff is entitled to punitive, consequential, and front damages.

## COUNT III

### THE DEFENDANTS D'HOPP, CONNELL, AND SCHMIDT'S TORTIOUS INTERFERENCE WITH THE PLAINTIFF'S ECONOMIC ADVANTAGE CLAIM

26. The Plaintiff restates and realleges all the statements made in Counts I thru II, paragraphs one (1) thru twenty five (25) of this complaint. In addition too, and more particular, the Plaintiff alleges,

27. From October 2nd, 2007 thru November 13, 2007, the official and individual conduct of Defendants D'Hopp, Connell, and Schmidt, in concert, interfered with the qualified Plaintiff's contract and his economic advantage with Webster. The Defendants conspired and carried out a campaign to induce Webster to terminate the Plaintiff and allow Gary, a white unlicensed plumber to supervise the 3114 18th Street NW Project. The Defendants' conduct violated DC Code Sec. 47-2853.123, and, included libel, coercion, misrepresentation, unequal treatment, the manipulation of manpower, and the disparagement of the Plaintiff's name and reputation to Webster.

27. The Defendants' campaign of racial harassment and defamation against the qualified Plaintiff violated the Plaintiff's rights under Title 42, Section (a), and (b). The campaign included but was not limited to: (1) D'Hopp failing or refusing to order the Kohler parts and fixtures as requested by the Plaintiff; (2) D'Hopp and Connell discussing the ordering of Kohler parts and scheduling the installation of the fixtures with Gary, a white unlicensed plumber, and not the Plaintiff; (3) D'Hopp and Connell making daily defamatory oral misrepresentations to one of Webster's co-owners, to create an air of distrust and to raise questions of doubt about the Plaintiff's time spent on the job. (4) Connell & Schmidt refused to provide a safe environment or equipment (ladders) for the project; (5) Connell and Schmidt failed or refused to order 2 x 4's for the project to install the proper woodwork to support the water lines installed by the Plaintiff for showers; and, (6) D'Hopp, Connell, and Schmidt treated the white unlicensed plumber Gary and the Plaintiff unequally on the issue of job availability without reprisal or without making any disparaging or oral defamatory remarks or complaints to Webster.

28. The Defendants' official and individual conduct, in concert, created a very hostile working environment; and, created an air of suspicion for the Plaintiff's employer who had expressed a career for the Plaintiff beyond the D'Hopp project.

29. All of the foregoing occurred because D'Hopp, Connell, and Schmidt resented the African ancestry and heritage of the Plaintiff; and, because they did not want to adhere to the African American Plaintiff's instructions that the design and installation of the fixtures must comply with the local plumbing code, as stated in DC Law, Sec. 47-2853.123.

30. The Defendants D'Hopp, Connell, and Schmidt's failed or refused to hire African American employees or contractors on their own; and, they denied the Plaintiff to make and enforce his contract with Webster because of Plaintiff's ancestry and ethnic heritage.

31. The Plaintiff was injured by Defendant's intentional interference with his economical advantage with Webster, including but not limited to, the loss of wages caused by the illegal treatment, and other consequential damages, including, but not limited to, financial embarrassment, loss of credit, medical coverage and pension contributions and denial of experience and training flowing from Defendant's illegal conduct.

WHEREFORE, in addition to the prayers for relief contained in Count I & II of this Complaint, Plaintiff respectfully prays that this Court award judgment in favor of Plaintiff for violation of Plaintiff's right under 42 U.S.C. Sec. 1981, and award Plaintiff the following:

    a. Actual and consequential damages as may be proven, plus interest;

    b. Compensatory damages to compensate for the pain, suffering, and humiliation Plaintiff suffered as a result of Defendant's illegal action; and

c. Punitive damages payable to Plaintiff in an amount to properly penalize Defendants for their misconduct and to deter such wrongdoing in the future.

Plaintiff further prays for an award of costs incurred in this action, as provided by 42 U.S.C. Sec. 1988.

*Alfred L. Stone* (signature)
Alfred L. Stone, pro se
P.O. Box 56443
Washington, DC 20040
(202) 531-5211

```
JS-44
(Rev.1/05 DC)
```
**CIVIL COVER SHEET**

L
08-239
EGS

| I (a) PLAINTIFFS<br>Alfred Stone<br>(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001<br>(EXCEPT IN U.S. PLAINTIFF CASES)<br><br>PRO SE SUP<br><br>(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | DEFENDANTS<br>A-Advance, LLC., d.b.a John G. Wester Co.<br>et al.,<br>COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br><br>Case: 1:08-cv-00239<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 2/13/2008<br>Description: Civil Rights-Non. Employ. |
|---|---|

| II. BASIS OF JURISDICTION<br>(PLACE AN x IN ONE BOX ONLY) | III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX<br>FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!** |||||
|---|---|---|---|---|---|
| ☐ 1 U.S. Government      ☒ 3 Federal Question<br>Plaintiff                        (U.S. Government Not a Party)<br><br>☐ 2 U.S. Government    ☐ 4 Diversity<br>Defendant                     (Indicate Citizenship of Parties<br>in item III) | | PTF | DFT | | PTF | DFT |
| | Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business in This State | ☐ 4 | ☐ 4 |
| | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business in Another State | ☐ 5 | ☐ 5 |
| | Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ **A.** *Antitrust* | ☐ **B.** *Personal Injury/ Malpractice* | ☐ **C.** *Administrative Agency Review* | ☐ **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ **E.** *General Civil (Other)*     OR     ☐ **F.** *Pro Se General Civil*

| | | | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability<br><br>**Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | **Immigration**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus- Alien Detainee<br>☐ 465 Other Immigration Actions<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant) | ☐ 871 IRS-Third Party 26 USC 7609<br><br>**Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc. | ☐ 460 Deportation<br>☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act) |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 2/13/08   SIGNATURE OF ATTORNEY OF RECORD  ND

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd