UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALFRED L. STONE,
P.O. BOX 56443
WASHINGTON, D.C. 20040
(202) 531-5211
       Plaintiff

vs                                   CIVIL ACTION #080239 EGS

A-ADVANCE, LLC, d.b.a.
JOHN G. WEBSTER COMPANY
10738 TUCKER STREET
BELTSVILLE, MD. 20705

RALPH SMITH, President
1528 BLUE MEADOW ROAD
POTOMAC, MD. 20854

PHYLLISS D'HOPP
3112 18TH STREET NW
WASHINGTON D.C. 20010

JESSE SCHMIDT
CONNELL & SCHMIDT BUILDERS, LLC
217 5TH STREET SE
WASHINGTON D.C. 20003

JESSE D. CONNELL
CONNELL & SCHMIDT BUILDERS, LLC
217 5TH STREET S.E.
WASHINGTON, D.C. 20003

GARY MORMAN
10738 TUCKER STREET
BELTSVILLE, MD. 20705

       Defendants

TORT CLAIM

TORTIOUS INTERFERENCE WITH
ECONOMIC ADVANTAGE
NEGLIGENCE

**RECEIVED**

JUN - 4 2008

1

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT-ASSERTING LACK OF KNOWLEDGE OF THE FACTS AT TIME OF ORIGINAL COMPLAINT; AND TO ADMEND THE COMPLAINT TO INCLUDE THE DEFENDANT GARY MORMAN, AN EMPLOYEE OF A-ADVANCE LLC</u>

Pursuant to Rule 15(a), Plaintiff Alfred L. Stone, pro se, moves the Court for leave to file an amended complaint and show:

1. Plaintiff on or about February 13, 2008, filed a complaint against the Defendants A-Advance, Ralph Smith, Phyllis D'Hopp, Jesse Schmidt, and JD McConnell, a copy of the original complaint being attached to this motion.

2. At the time Plaintiff's Complaint was filed, Plaintiff was ignorant of certain relevant facts that are important to enable Plaintiff to maintain his complaint. Because the facts came into Plaintiff's possession after the filing of the complaint, the Plaintiff was unable to allege them in the original complaint.

3. Because of this, the Plaintiff is entitled to relief in accordance with the additional facts contained in the amended complaint, a copy of which is also attached.

4. Plaintiff further avers that the new facts contained in the amended complaint are necessary to enable the Plaintiff to prove his cause of action; and, therefore the amendment sought is in furtherance of justice.

5. Plaintiff further avers that the new facts in the amended complaint include allegations against Gary Morman, an unlicensed white plumber, and therefore the amendment sought is in furtherance of justice.

WHEREFORE, Plaintiff Alfred L. Stone, pro se, respectfully prays that leave may by granted to file an amended complaint against the Defendants A-Advance, Ralph Smith, Phyllis D'Hopp, Jesse Schmidt, JD McConnell for the purpose of

alleging the described matters of fact as they appear in the attached amended complaint, and the Plaintiff prays the Court will grant the Plaintiff leave to amend the original complaint to include Gary Mormon, an unlicensed white plumber, as a named Defendant in this cause of action.

Date: June 2, 2008

Respectfully Submitted,

*Alfred L. Stone* (signature)
Alfred L. Stone, pro se


## CERTIFICATE OF SERVICE

I DO HEREBY SWEAR THAT, true copy of this Motion to Amend the Complaint was sent by U.S. mail, first class, postage prepaid on June 2, 2008 to:

Gerald J. Emig, Esq.
Gleason, Flynn, Emig & Fogleman, Chartered
11 N. Washington Street, Suite 400
Rockville, MD 20850

Mary McDermott, Esq.
Stein, Sperling, Bennett, DeJong, Driscoll, & Greenfeig, P.C.
25 W. middle Lane
Rockville, MD. 20850

*Alfred L. Stone* (signature)
Alfred L. Stone, pro se
P.O. Box 56443
Washington, DC 20040
(202) 531-5211

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ALFRED L. STONE,
P.O. BOX 56443
WASHINGTON, D.C. 20040
(202) 531-5211
        Plaintiff

VS.                                CIVIL ACTION #080239 EGS

A-ADVANCE, LLC, d.b.a.
JOHN G. WEBSTER COMPANY
10738 TUCKER STREET
BELTSVILLE, MD. 20705
Official Capacity

RALPH SMITH, President
1528 BLUE MEADOW ROAD
POTOMAC, MD. 20854
Official & Individual Capacity

PHYLLISS D'HOPP
3112 18TH STREET NW
WASHINGTON D.C. 20010
Individual Capacity

JESSE SCHMIDT
CONNELL & SCHMIDT BUILDERS, LLC
217 5TH STREET SE
WASHINGTON D.C. 20003
Official & Individual Capacity

JESSE D. CONNELL
CONNELL & SCHMIDT BUILDERS, LLC
217 5TH STREET S.E.
WASHINGTON, D.C. 20003
Official & Individual Capacity

GARY MORMAN, an unlicensed plumber
10738 TUCKER STREET
BELTSVILLE MD. 20705
Official & Individual Capacity

                Defendants

1

TORT CLAIM

TORTIOUS INTERFERENCE WITH
ECONOMIC ADVANTAGE
NEGLIGENCE

<u>PLAINTIFF'S AMENDED COMPLAINT FOR DISPARATE TREATMENT
FOR DIFFERENT STANDARD OF CONDUCT FOR LICENSED AFRICAN
AMERICAN PLUMBERS-IN VIOLATION OF TITLE 42, SEC.1981(a), (b);
AND, THE TORTUOUS INTERFERENCE BY D'HOPP, CONNELL, AND
SCHMIDT WITH THE PLAINTIFF'S ECONOMIC ADVANTAGE WITH HIS
EMPLOYER; AND NEGLIGENCE BY A-ADVANCE, D'HOPP, CONNELL &
SCHMIDT BUILDERS LLC & GARY</u>

Plaintiff alleges:

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1343. This is a suit invoked to secure protection of and to redress deprivation of rights providing for the equal rights of all citizens and all persons within the jurisdiction of the United States according to Title 42, Sec. 1981 (a), (b), (c). The Court has jurisdiction to hear and resolve this complaint by virtue of Title 42, Sec. 1981 (a), (b), (c) and 28 U.S.C. Sec. 1331 and 1343(a), (4) and Title 28, Sec. 1391.

2. This also is a suit for a declaratory judgment pursuant to the provisions of Title 28, Sec. 2201, 2202 et seq., as Plaintiff seeks to recover from Defendants unpaid wages and benefits.

3. This is also a suit for the tortuous interference with economic advantage by the Defendants Phyllis D'Hopp, Jesse D. Connell, and Jesse Schmidt.

4. Jurisdiction is conferred on this Court by 28 U.S.C. Sec. 1391, 1331 and 1343(a).

5. At all times herein set forth, Defendant corporation and the Principal were an employer within the definition of the Fair Labor Standards Act of 1938, Sec. 3, 29 U.S.C. Sec. 201

thru 216(b), and Plaintiff was at all times herein set forth an employee within the definition of the section.

6. The proper venue of this action was is in this Court, as Plaintiff worked in the District of Columbia and the Defendants' discriminatory acts; and, their tortuous interference with Plaintiff's economic advantage took place within the District of Columbia.

## PARTIES

7. Plaintiff is a licensed African American Master Plumber & Gasfitter in the District of Columbia; and, whose address is P.O. Box 56443, Washington, DC. 20040.

8. Defendant Ralph P. Smith, is white, and serves as the President of A-Advance, LLC, a limited liability corporation; that, d.b.a. John G. Webster Company, (Hereinafter Webster), and is located at 10738 Tucker Street, Beltsville, MD. 20705. Ralph P. Smith resides at 1528 Blue Meadow Road, Potomac, MD. 20854.

9. Defendant Phyllis A. D'Hopp is white; and, holds herself out to the public as a developer. D'Hopp resides at 3112 18th Street NW, Washington, DC. 20010. A search of the business records at the DC Department of Consumer & Regulation fails to confirm a business listing for D'Hopp.

10. Defendant Connell & Schmidt Builders LLC, is a VA limited liability corporation that is delinquent in filing its corporate fees. The LLC is owned and managed by Jesse D. Connell (white), and Jesse Schmidt, (white); with a DC business address of 217 5th Street SE, Washington, DC 20003.

11. Gary Morman is a white unlicensed plumber, and is/was employed by A-Advance LLC. The work address for Gary Morman, c/o A-Advance LLC, is 10738 Tucker Street, Beltsville MD. 20705.

## COUNT I

## PLAINTIFF'S 1981 CLAIM

12. The Plaintiff Alfred L. Stone, an African American male, is licensed by the District of Columbia as a Master Plumber & Gasfitter.

13. On September 11, 2007, the Plaintiff was hired by the Defendant Webster (owned by members of the majority race) to supervise, design, and install the plumbing system at 3114 18th Street NW, albeit, the D'Hopp Project.

14. The terms of the Plaintiff's contract were $25.00 per hour for wages, benefits, (medical & disability insurance and a 401 K Pension Plan;) plus, a company truck.

15. The Plaintiff reported to the D'Hopp Project on September 20, 2007; and, was introduced to Phyllis D'Hopp, J.D. Connell, and Jesse Schmidt as a Master Plumber and Webster's new supervisor for the project.

16. From October 23rd, 2007 thru November 13, 2007, the white Defendants D'Hopp, Connell, and Schmidt, campaigned (misrepresented facts and disparaged the Plaintiff's name and reputation) to have Webster fire the Plaintiff. The Defendants campaigned to have the Plaintiff terminated because they resented the Plaintiff because of his African American ancestry; (no other Africa Americans or contractors on the project) and, they (D'Hopp, Connell, and Schmidt) wanted Gary, a white unlicensed plumber to supervise the project.

17. On or about November 14, 2007, Ralph Smith, the President of A-Advance LLC, terminated their contract with the qualified Plaintiff for his services as a Master Plumber; allegedly, because the company was closing their plumbing division.

18. Smith's reason was a pretext, before the Plaintiff exited Webster's building he personally overheard Ralph Smith (white) tell Gary Morman, (a white unlicensed plumber) that he would supervise the D'Hopp Project.

19. Smith's conduct, in his official capacity violated DC Code, Sec. 47-2853.121 & 47-2853.123, in that only licensed plumbers are authorized to supervise, design, and install plumbing in the District of Columbia.

20. Smith's conduct, in his official capacity, violated the qualified Plaintiff's right to make and enforce his contract with Webster according to Title 42, Sec. 1981(b); because Webster's plumbing division was not being abolished.

21. Smith terminated the Plaintiff's contract to allow a white unlicensed plumber named Gary Morman to supervise the project, a violation of DC Code, Sec. 47-2853.121 & 47-2853.123; which states; only licensed plumbers can supervise, design, and install plumbing in the District of Columbia.

22. Smith's conduct, in his individual capacity, also violated Title 42, Sec. 1981(b), which states African Americans must be afforded the same right to make and enforce a contract as a white American; because, on November 14, 2007, Smith was induced to violate Sec. 1981(b) because the other Defendants wanted the qualified African American Plaintiff terminated so that Gary Morman, a white unlicensed plumber, could replace him. The Plaintiff was denied the equal protection of DC law.

   WHEREFORE, the Plaintiff is entitled to actual and front damages for an uncertain amount.

## COUNT II

### PLAINTIFF'S 1981(b) CLAIM AGAINST D'HOPP, CONNELL & SCHMIDT

23. The Plaintiff restates and realleges all the statements made in Count I, paragraphs one (1) thru twenty two (22) of this complaint. In addition too, and more particular, the Plaintiff alleges:

24. From September 25, 2007 thru November 13, 2007, the Defendants D'Hopp, McConnell, and Schmidt interfered with the Plaintiff's right to make and enforce his contract according to Sec. 1981(b); by, lying about his physical presence on the job; making requests for the improper installation of plumbing work; inducing subordinates to violate DC law; failing or refusing to order fixtures to be installed on the project; failing or refusing to call Washington Gas to install a meter rack on the project.

25. The Defendants' conduct of interference made it impossible for the Plaintiff to make and enforce his contract; and, their (D'Hopp, Schmidt, McConnell) harassing threats and lies provoked Webster to negligently allow Gary Morman to supervise the project, in stark contrast to laws of the District.

26. The Defendants, (D'Hopp, Schmidt, McConnell) augmented their tactics to induce Webster to replace the Plaintiff, by calling Webster on a daily basis to complain about situations they created or manipulated. (lying about the Plaintiff's physical appearance on the job, failing to order Kohler fixtures, failing to order 2 x 4's to provide wood supports for the water lines installed by the Plaintiff, failing to provide ingress and egress for the project, failing to order a new gas meter rack, failing to install the hot water lines for the showers according to the manufacturer's instructions, refusing to sign a waiver).albeit; direct interfered with the qualified Plaintiff's right to make and enforce his contract.

WHEREFORE THE Plaintiff prays for a judgment against the defendants and is entitled to punitive, consequential, and front damages.

## COUNT III

### THE DEFENDANTS D'HOPP, CONNELL, AND SCHMIDT'S TORTIOUS INTERFERENCE WITH THE PLAINTIFF'S ECONOMIC ADVANTAGE CLAIM

27. The Plaintiff restates and realleges all the statements made in Counts I thru II, paragraphs one (1) thru twenty six (26) of this complaint. In addition too, and more particular, the Plaintiff alleges,

28. From October 2nd, 2007 thru November 13, 2007, the official and individual conduct of Defendants D'Hopp, Connell, and Schmidt, in concert, interfered with the qualified Plaintiff's contract and his economic advantage with Webster. The Defendants conspired and carried out a campaign to induce Webster to terminate the Plaintiff and allow Gary Morman, a white unlicensed plumber to supervise the 3114 18th Street NW Project. The Defendants' conduct violated DC Code Sec. 47-2853.121 & 47-2853.123, and, included libel, coercion, misrepresentation, unequal treatment, the manipulation of manpower, and the disparagement of the Plaintiff's name and reputation to Webster.

29. The Defendants' campaign of racial harassment and defamation against the qualified Plaintiff violated the Plaintiff's rights under Title 42, Section (a), and (b). The campaign included but was not limited to: (1) D'Hopp failing or refusing to order the Kohler parts and fixtures as requested by the Plaintiff; (2) D'Hopp and McConnell discussing the ordering of the Kohler parts and scheduling the installation of the fixtures with Gary Morman, a white unlicensed plumber, and not the Plaintiff; (3) D'Hopp and Connell making daily defamatory oral misrepresentations to one of Webster's co-owners, to create an air of distrust and to raise questions of doubt about the Plaintiff's time spent on the job. (4) Connell & Schmidt refused to provide a safe working environment or equipment (ladders) for the project; (5) Connell and Schmidt failed or refused to order 2

7

x 4's for the project to install the proper woodwork to support the water lines installed by the Plaintiff for showers; and, (6) D'Hopp, Connell, and Schmidt treated the white unlicensed plumber Gary Morman and the Plaintiff unequally on the issue of availability on the job without threats or making any disparaging or oral defamatory remarks or complaints to Webster about attendance; (7) D'Hopp's refusal to install the hot water lines to the showers according to the manufacturer's instructions; (8) D'Hopp's refusal to sign a waiver.

30. The Defendants' official and individual conduct, in concert, created a very hostile working environment; and, created an air of suspicion for the Plaintiff's employer who had expressed a career for the Plaintiff beyond the D'Hopp project.

31. All of the foregoing occurred because D'Hopp, Connell, and Schmidt resented the African ancestry and heritage of the Plaintiff; and, because they did not want to adhere to the African American Plaintiff's instructions that the design and installation of the fixtures must comply with the local plumbing code, as stated in DC Law, Sec. 47-2853.123, and the manufacturer's recommendations.

32. The Defendants D'Hopp, Connell, and Schmidt's failed or refused to hire African American employees or contractors on their own; and, they denied the Plaintiff to make and enforce his contract with Webster because of Plaintiff's ancestry and ethnic heritage.

33. The Plaintiff was injured by Defendant's intentional interference with his economical advantage with Webster, including but not limited to, the loss of wages caused by the illegal treatment, and other consequential damages, including, but not limited to, financial embarrassment, loss of credit, medical coverage and pension contributions and denial of experience and training flowing from Defendant's illegal conduct.

WHEREFORE, in addition to the prayers for relief contained in Count I & II of this Complaint, Plaintiff respectfully prays that this Court award judgment in favor of Plaintiff for violation of Plaintiff's right under 42 U.S.C. Sec. 1981, and award Plaintiff the following:

a. Actual and consequential damages as may be proven, plus interest;

b. Compensatory damages to compensate for the pain, suffering, and humiliation Plaintiff suffered as a result of Defendant's illegal action; and

c. Punitive damages payable to Plaintiff in an amount to properly penalize Defendants for their misconduct and to deter such wrongdoing in the future.

Plaintiff further prays for an award of costs incurred in this action, as provided by 42 U.S.C. Sec. 1988.

## COUNT IV

## PLAINTIFF'S NEGLIGENCE CLAIMS AGAINST RALPH SMITH & A-ADVANCE

34. The Plaintiff restates and realleges all the statements made in Counts I thru III, paragraphs one (1) thru thirty (33) of this complaint. In addition too, and more particular, the Plaintiff alleges:

35. According to D.C. Code 47-2853.17(12), and 47-2853.123, it is unlawful for a contractor to willfully make a misrepresentation as to what services the person is authorized to perform under the terms of his or her license.

36. On November 14, 2007, the Defendant Ralph Smith, President of A-Advance LLC, negligently told an unlicensed plumber named Gary Morman that he would continue to perform plumbing service work for A-Advance, (unsupervised) and supervise the D'Hopp Project. (unsupervised)

37. The proximate cause of the Plaintiff's termination was Smith's negligent conduct of allowing Gary Mormon, an unlicensed white plumber, to supervise the D'Hopp project. As a result thereof, the Plaintiff, a licensed Master Plumber & Gasfitter in the District of Columbia was otherwise injured, was prevented from providing or performing plumbing services, suffered loss of pay, loss of overtime pay, loss of hospitalization insurance, loss of retirements benefits, financial embarrassment, credit loss, denied his personal property (weekly paycheck) incurred expenses to bring this lawsuit, in a sum to be determined.

WHEREFORE, the Plaintiff demands judgment against the Defendant A-Advance LLC and Ralph Smith.

## COUNT V

## PLAINTIFF'S NEGLIGENCE CLAIM AGAINST D'HOPP, SCHMIDT & McCONNELL

38. The Plaintiff restates and realleges all the statements made in Counts I thru IV, paragraphs one (1) thru thirty seven (37) of this complaint. In addition too, and more particular the Plaintiff alleges:

39. According to the District of Columbia Building Code, Sec. 119, it shall be unlawful for the owner or lessee of a building, or their agents, to employ or contract for an unlicensed person to do plumbing or gasfitting in or about such building.

40. On November 14, 2007and thereafter, the Defendant Phyllis D' Hopp, the owner or lessee of the building located at 3114 18th Street NW; and, her agent, Connell & Schmidt Builders LLC, negligently contracted with A-Advance LLC for an unlicensed

plumber named Gary Morman to supervise the plumbing and gasfitting work at 3114 18th Street NW and 3108 18th Street NW.

41. The proximate cause of the qualified African American Plaintiff Alfred L. Stone's termination was the violation of Sec. 119 of the DC Building Code by the Defendants D'Hopp, Schmidt, and McConnell; hence, the Plaintiff was prevented from performing and providing supervision services for the installation of plumbing and gasfitting at 3114 18th Street NW and other future projects. As a result thereof, he suffered loss of pay, loss of overtime pay, loss of hospitalization insurance, loss of retirements benefits, loss of vacation pay, mental anguish, emotional distress, and incurred expenses for filing this lawsuit in a sum to be determined after a hearing.

WHEREFORE, the Plaintiff demands judgment against the Defendants D'Hopp, McConnell & Schmidt Builder LLC for unlawfully contracting with A-Advance LLC for the services of an unlicensed person to perform plumbing and gasfitting work in the District, and damages are to be determined after a hearing.

## COUNT VI

### PLAINTIFF'S NEGLIGENCE CLAIM AGAINST GARY MORMAN; AND FOR THE INDIVIDUAL VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS ACCORDING TO TITLE 42, SEC. 1981(b)

42. The Plaintiff restates and realleges the statements made in Count I thru V, Paragraphs one (1) thru forty one (41) of this complaint. In addition too and more particular, the Plaintiff alleges:

43. According to D.C. Code 47-2853.123, unless licensed in accordance with this subchapter, no person may imply that the person is authorized to perform the services of

11

a plumber or gasfitter in the District; and Title 42, Sec. 1981(b) prohibits interference from an unlicensed person with a qualified individual's right to contract as a supervisor.

44. On November 12, 2007, JD McConnell and the Plaintiff had a heated dispute about the installation of the support for the water lines at 3114 18th Street NW; and, the proper installation of the water lines in the third floor bathroom that were installed by Gary Morman, a white unlicensed plumber. The water lines were installed contrary to the manufacturer's instructions, and contrary to Section 607.3 of the plumbing code.

45. Subsequent to their argument, the Plaintiff personally observed JD McConnell (white) go outside the building located at 3114 18th Street NW at or about 10:15 A.M., to confer with Gary Morman, a white unlicensed plumber who had just arrived at work.

46. The Defendant D'Hopp and her agent McConnell & Schmidt Builder LLC did not complain to A-Advance about the custom and practices of Gary Morman always arriving late to the project and leaving early; and, not being assessable on the job.

47. Gary Morman, a white unlicensed plumber, came inside the building at 3114 18th Street; and willfully represented to JD and Jesse Schmidt, in front of the Plaintiff, that he would continue to install the plumbing work in the third floor bathroom, in the same manner as he installed the unsanctioned plumbing work at 3108 18th Street NW.

48. The plumbing work at 3108 18th Street NW never received a close-in inspection of the water lines for showers by DCRA; hence, the DCRA plumbing inspector for that area never endorsed the work as being code legal. The DCRA plumbing inspector holds an active Master Plumbing & Gasfitting license like the qualified Plaintiff.

49. The proximate cause of the Plaintiff's termination was Gary Morman's (an unlicensed plumber)statement to the qualified African American Plaintiff and his willingness to misrepresent his capacity (inadequate training) to contract as a licensed plumber. Gary Morman's negligent conduct interfered with the licensed African American supervisor's right to contract as a supervisor for the 3114 18th Street NW project.

50. Gary Morman's inadequate training caused him to install the hot water lines in violation Sec. 607.3 of the plumbing code; and, the manufacturer's recommendations. Hence, the unsanctioned work was not code legal. The negligent conduct of Gary Morman violated DC Code 47-2853.121 & 47-2853.123; albeit, Gary's willful and negligent conduct interfered with the qualified African American Plaintiff's right to contract as a supervisor, a violation of Title 42 Sec. 1981(b). The DC plumbing code implies all plumbing work shall be warranted.

51. Gary Morman, an unlicensed white plumber, willfully violated DC Code 47-2853.121 & 47-2853.123, Section 607.3 of the plumbing code, the manufacturer's recommendations, and the Plaintiff's instructions. Albeit, Gary Morman resented taking instructions from a supervisor of African ancestry and heritage.

WHEREFORE, the Plaintiff prays for a judgment against Gary Morman in his individual capacity because his willful interference augmented the Plaintiff's termination. The Plaintiff sustained damages and the cost to bring this action, hence he is entitled to punitive and compensatory damages and whatever other relief the Court so orders.

                                        Respectfully Submitted,

                                        *Alfred L. Stone*
                                        Alfred L. Stone, pro se


## CERTIFICATE OF SERVICE

I DO HEREBY SWEAR THAT, a true copy of this Amended Complaint was sent by

U.S. mail, first class, postage prepaid on June ____, 2008 to:

Gerald J. Emig, Esq.
Gleason, Flynn, Emig, & Fogleman, Chartered
11 N. Washington Street, Suite 400
Rockville, MD 20850

M. Lombardi, Esq.
Stein, Sperling, Bennett, Dejong, Driscoll, & Greenfeig, P.C.
25 W. Middle Lane
Rockville, MD 20850


                                        *Alfred L. Stone*
                                        Alfred L. Stone, pro se
                                        P.O. Box 56443
                                        Washington, DC 20040
                                        (202) 531-5211

14