UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

ALFRED L. STONE,
P.O. BOX 56443
WASHINGTON, D.C. 20040
(202) 531-5211
        Plaintiff

vs                                                                         CIVIL ACTION #080239 EGS

A-ADVANCE, LLC, d.b.a.
JOHN G. WEBSTER COMPANY
10738 TUCKER STREET
BELTSVILLE, MD. 20705

RALPH SMITH, President
1528 BLUE MEADOW ROAD
POTOMAC, MD. 20854

PHYLLISS D'HOPP
3112 18TH STREET NW
WASHINGTON D.C. 20010

JESSE SCHMIDT
CONNELL & SCHMIDT BUILDERS, LLC
217 5TH STREET SE
WASHINGTON D.C. 20003

JESSE D. CONNELL
CONNELL & SCHMIDT BUILDERS, LLC
217 5TH STREET S.E.
WASHINGTON, D.C. 20003

GARY MORMAN, an unlicensed plumber
10738 TUCKER AVENUE
BELTSVILLE, MD 20705

                              Defendants

TORT CLAIM

TORTIOUS INTERFERENCE WITH
ECONOMIC ADVANTAGE
NEGLIGENCE

1

## PLAINTIFF'S PROPOSED ALTERNATIVE MOTION FOR AN ORDER FOR THE MAY 22nd, 2008 JOINT MEET & CONFER STATEMENT

Pursuant to LCvR.16(d), the Plaintiff, pro se, hereby moves the Court to consider the Plaintiff's Alternative Proposed Order for the final order of the Case Management Plan in the above stated case.

The Plaintiff objects to the proposed May 22nd, 2008 joint case management plan because:

The Plaintiff sought the Court's leave to amend his complaint on June 3, 2008.

PLAINTIFF'S POSITION STATEMENT:

The African-American Plaintiff submits to the Court that the Defendants, all white, denied him the equal protection of the law, DC Code 47-2853.121 & 47-2853.123; as guaranteed by the Fourteenth Amendment of the U.S. Constitution. The Plaintiff submits further, that A-Advance, a plumbing company owned by members of the majority race terminated his contract as a plumbing supervisor because one of their employees, a white unlicensed plumber campaigned with the Defendants to oust the Plaintiff so that he (Gary) could supervise the job. By heading down this road to perdition, all of the white Defendants interfered with the qualified Plaintiff's civil right to contract as a supervisor; and, violated Title 42 Sec. 1981(b).

The Plaintiff contends that the case turns on whether Ralph Smith and A-Advance lied about why the Plaintiff was terminated; and, whether the termination of the qualified African American Plaintiff breached the duty of care for plumbing companies in the District of Columbia. If the Court accepts all of the facts stated in the complaint as true, the Defendants, all white, terminated the qualified Plaintiff to make a way for a white unlicensed plumber (Gary Morman) to supervise the plumbing work on the D'Hopp

Project. Contemporaneously, the white unlicensed plumber (Gary Morman) was not qualified to supervise plumbing work; but, collaborated with the Defendants D'Hopp, Schmidt, and Connell, to undermine the supervision authority of the qualified Plaintiff on the project because he (Gary Mormon) did not like taking orders from the qualified African American Plaintiff.

Albeit, race and qualifications come into play because it is undisputed that the qualified Plaintiff is of African ancestry and heritage; and, licensed by the District Government as a Master Plumber & Gasfitter. Gary Morman, white, is not licensed by the District of Columbia Government as a plumber. According to DC Code 47-2853.121, only license person may represent themselves as such when performing plumbing and gasfitting jobs. All of the other named Defendants are white; therefore, if A-Advance permitted Gary Morman (white) to supervise the D'Hopp (white) Project on or about November 14, 2007, and thereafter, without a license, they (A-Advance) violated the laws of the District of Columbia.

ADR: NEUTRAL EVALUATION

The Plaintiff is ICC Certified as a Residential and Commercial Plumbing Inspector. The Plaintiff believes this case could move faster toward resolution if a neutral evaluation of the case was rendered early. The evaluator could determine what discovery is necessary to prove or disprove the Plaintiff's case. There is a negative trickle down effect from any discoverable information in this case. Any pattern of A-Advance (Ralph Smith) misrepresenting the skills of his employees to the public (D'Hopp), such as being licensed, and qualified to perform plumbing service and installation jobs would be a serious violation of the District's building and plumbing codes. The Plaintiff respectfully

3

suggest that the Defendants review, <u>District of Columbia Department of Consumer & Regulatory Affairs Business and Professional Licensing Administration v. John C. Flood of D.C., Inc.</u> 2006 WL 3928006.

Ms. D'Hopp (lessee or owner) developed and adopted her own designs for the installation of the water lines and fixtures for the bathrooms at 3108 and 3114 18th Street NW, as opposed to adhering to the manufacturer's recommendations. Said conduct voids the warranty of the installation work performed by the plumber. These material facts give credence to the Plaintiff's argument that she, (D'Hopp) and her agent, (Schmidt & Connell) collaborated and contracted for the services of an unlicensed plumber on her 3114 and 3108 18th Street NW projects because the Plaintiff opposed their practices. Gary Mormon was an unlicensed white plumber that worked for A-Advance. The conduct of D'Hopp, (the lessee or owner), and Schmidt & Connell, (her agent) violated Section 119.4.5 of the DC Building Code; by contracting with A-Advance for the services of the unlicensed white plumber Gary Mormon as opposed to the qualified Plaintiff. The conduct of the all white Defendants interfered with the qualified African American Plaintiff's right to contract as a supervisor for A-Advance, a violation of Title 42, Sec. 1981(b). The house at 3108 18th Street NW was never inspected by DCRA for code compliance, thanks to JD Connell.

The Plaintiff tendered a settlement offer to both Defendants; but, neither has responded. Mr. Focht suggests that he does not see any liability for his clients; and, the Plaintiff begs to differ for the above stated reasons.

PROPOSED SCHEDULE OF DATES:

16.3(c),(1): Defendants will file dispositive motions.

4

16.3(c),(2): Plaintiff's Motion to Amend Complaint, filed on June 3, 2008.

16.3(c),(3): Parties do not wish to proceed before a magistrate.

16.3(c),(4): The Plaintiff made settlement offers to both Defendants; no response.

16.3(c),(5): The Plaintiff disagrees with the Defendants about ADR.

16.3(c),(6): The Defendants will file motions for summary judgment by January 30, 2009; and the Plaintiff must respond within thirty (3) days; and reply motions are due within (15) fifteen days.

16.3(c),(7): Initial Disclosures must be filed by July 15, 2008.

16.3(c),(8): Discovery closes on November 30, 2008.

16.3(c),(9): No expert witnesses will be called.

16.3(c),(10): None Applicable.

16.3(c),(11): Bifurcation is not appropriate.

16.3(c), (12): Court will set dates for mediation, pre-trial conference, and trial after discovery closes on November 30, 2008.

| | |
|---|---|
| Amendment Deadline: | June 25, 2008 |
| Response Due (if motion is granted) | 30 Days Later |
| Initial Disclosures Due: | July 15, 2008 |
| Close of Discovery: | November 30, 2008 |
| Dispositive Motions Due: | January 30, 2009 |
| Opposition Motions Due: | 30 Days Later |
| Reply Motion: | 15 Days Later |

WHEREFORE, the Plaintiff prays the Court will give all due considerations to his Alternative Motion for the Final Case Management Order.

                                  Respectfully Submitted,

*/s/ Alfred L. Stone*
Alfred L. Stone, pro se

## CERTIFICATE OF SERVICE

I DO HEREBY SWEAR THAT, a copy of Plaintiff's Motion for an Alternative Order, was sent by U.S. Mail, first class, postage prepaid on June 9th, 2008 to:

Mary C. Lombardo, Esq.
Stein, Sperling, Bennett, Delong, P.C.
25 W. Middle Lane
Rockville, MD. 20850

Matthew J. Focht, Esq.
Gleason, Flynn, Emig & Fogelman, Chartered
11 N. Washington Street, Suite 400
Rockville, MD 20850

                                  */s/ Alfred L. Stone*
                                  Alfred L. Stone, pro se
                                  P.O. Box 56443
                                  Washington, DC 20040
                                  (202) 531-5211