**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ALFRED L. STONE** | : | |
| | : | |
|   Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:08-cv-00239 (EGS) |
| | : | |
| **CONNELL & SCHMIDT** | : | |
| **BUILDERS, LLC,** *et al.* | : | |
| | : | |
|   Defendants. | : | |

**ANSWER TO AMENDED COMPLAINT AND JURY DEMAND**

  Defendants Phyllis D'Hopp, Connell & Schmidt Builders, LLC, J.D. Schmidt, and Jesse Connell, by and through their attorneys, Gleason, Flynn, Emig & Fogleman, Chartered, hereby respectfully submits its Answer to the Complaint filed against them by Plaintiff Alfred L. Stone, stating as follows:

**FIRST DEFENSE**

  The Complaint fails to set forth a claim upon which relief can be granted.

**SECOND DEFENSE**

  Answering specifically the numbered paragraphs of the Complaint, the above-referenced Defendants hereby state as follows:

**JURISDICTION**

  1.  To the extent Paragraph 1 contains jurisdictional allegations and legal conclusions, no response is required from these Defendants.

  2.  To the extent Paragraph 2 contains jurisdictional allegations and legal conclusions, no response is required from these Defendants.

3. To the extent Paragraph 3 contains introductory statements regarding to the legal theory supporting the instant matter, no response is required from these Defendants.

4. To the extent Paragraph 4 contains jurisdictional allegations and legal conclusions, no response is required from these Defendants at this time.

5. To the extent Paragraph 5 contains legal conclusions and allegations regarding other Defendants, no response is required from these Defendants at this time.

6. To the extent Paragraph 6 contains jurisdictional allegations and legal conclusions, no response is required from these Defendants at this time.

## PARTIES

7. These Defendants currently lack the factual basis necessary to admit or deny Paragraph 7 of the Complaint.

8. These Defendants currently lack the factual basis necessary to admit or deny Paragraph 8 of the Complaint.

9. Admitted in part. Defendant D'Hopp admits that she is white and that she lives at the address set forth in Paragraph 9 of the Complaint. The remaining allegations contained in Paragraph 9 of the Complaint are hereby denied.

10. Admitted in part. Defendant Connell & Schmidt Builders, LLC admits that it is a limited liability corporation organized under the laws of the Commonwealth of Virginia. The remaining allegations contained in Paragraph 10 are denied.

11. These Defendants currently lack the factual basis necessary to admit or deny Paragraph 11 of the Complaint.

## COUNT I

12.These Defendants currently lack the factual basis necessary to admit or deny Paragraph 12 of the Complaint.

13.These Defendants currently lack the factual basis necessary to admit or deny Paragraph 13 of the Complaint.

14.These Defendants currently lack the factual basis necessary to admit or deny Paragraph 14 of the Complaint.

15.These Defendants currently lack the factual basis necessary to admit or deny Paragraph 15 of the Complaint.

16.Denied.

17.These Defendants currently lack the factual basis necessary to admit or deny Paragraph 17 of the Complaint.

18.To the extent Paragraph 18 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

19.To the extent Paragraph 19 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

20.To the extent Paragraph 20 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

21.To the extent Paragraph 21 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

22.Denied.

## COUNT II

23. To the extent Paragraph 23 merely incorporates by reference the preceding paragraphs of the Complaint, no further response is required from these Defendants.

24. Denied.

25. Denied.

26. Denied.

## COUNT III

27. To the extent Paragraph 27 merely incorporates by reference the preceding paragraphs of the Complaint, no further response is required from these Defendants.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT IV

34. To the extent Paragraph 34 merely incorporates by reference the preceding paragraphs of the Complaint, no further response is required from these Defendants.

35. To the extent Paragraph 35 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

36. To the extent Paragraph 36 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

37. To the extent Paragraph 37 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

## COUNT IV

38. To the extent Paragraph 38 merely incorporates by reference the preceding paragraphs of the Complaint, no further response is required from these Defendants.

39. To the extent Paragraph 35 contains legal conclusions, no response is required from these Defendants.

40. Denied.

41. Denied.

## COUNT V

42. To the extent Paragraph 42 merely incorporates by reference the preceding paragraphs of the Complaint, no further response is required from these Defendants.

43. To the extent Paragraph 43 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. To the extent Paragraph 49 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

50. To the extent Paragraph 50 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

51.     To the extent Paragraph 51 concerns other Defendants to this case and contains legal conclusions, no response is required from these Defendants.

### THIRD DEFENSE

These Defendants generally deny all allegations of liability and/or damages

### FOURTH DEFENSE

If supported by the facts adduced in discovery, these Defendants reserve the right to assert that the claims at issue herein are barred by operation of the applicable statute of limitations.

### FIFTH DEFENSE

If supported by the facts adduced in discovery, these Defendants reserve the right to assert that the Plaintiff has failed to exhaust his administrative remedies prior to filing the instant action.

### SIXTH DEFENSE

The Plaintiff's discharge was based on a reasonable factor other than his race.

### SEVENTH DEFENSE

The Plaintiff's discharge was warranted by good cause shown.

### EIGHTH DEFENSE

The Plaintiff's discharge arose out of his poor conduct on the job and/or job performance.

### NINTH DEFENSE

The Plaintiff's discharge was warranted by legitimate economic concerns and/or out of business necessity.

### TENTH DEFENSE

The Plaintiff was discharged for a legitimate, non-discriminatory, reason.

**ELEVENTH DEFENSE**

The Plaintiff's termination was based on race neutral factors and/or qualifications.

**TWELTH DEFENSE**

These Defendants had no control over the Plaintiff's discharge and lacked the authority to hire, fire, discipline or promote the Plaintiff, or at least to participate in or recommend such actions.

**THIRTEENTH DEFENSE**

These Defendants were not the employer of the Plaintiff.

**FOURTEENTH DEFENSE**

These Defendants did not have a contractual relationship with the Plaintiff.

**FIFTEENTH DEFENSE**

The Plaintiff was an "at will" employee of Defendant A-Advance, LLC.

**SIXTEENTH DEFENSE**

The actions of these Defendants toward the Plaintiff did not implicate and/or harm any recognized contractual right belonging to the Plaintiff.

**SEVENTEENTH DEFENSE**

The Plaintiff was not damaged as alleged herein.

**EIGHTEENTH DEFENSE**

Any action taken by these Defendants was not the proximate cause of the damages alleged herein by the Plaintiff.

**NINTEENTH DEFENSE**

The Plaintiff is not entitled to an award of punitive damages.

**TWENTIETH DEFENSE**

These Defendants have not been misidentified and/or not identified properly by their true names.

**TWENTY-FIRST DEFENSE**

The Plaintiff has failed to mitigate his damages.

**TWENTY-SECOND DEFENSE**

Any and all factual allegations contained in the Plaintiff's Complaint not expressly denied above are hereby denied.

**TWENTY-THIRD DEFENSE**

These Defendants reserve the right to assert additional affirmative defenses based on the evidence adduced in discovery.

WHEREFORE HAVING FULLY ANSWERED, Defendants Phyllis D'Hopp, Connell & Schmidt Builders, LLC, J.D. Schmidt, and Jesse Connell hereby respectfully request that the Complaint asserted against them be dismissed with prejudice, with an award of attorneys' fees, costs, and such other relief as this Honorable Court finds just and proper.

Respectfully submitted,

GLEASON, FLYNN, EMIG
& FOGLEMAN, CHARTERED


      /s/ Gerard J. Emig
Gerard J. Emig, #05904
Matthew J. Focht, #15559
11 North Washington Street, Suite 400
Rockville, MD 20850
(301) 294-2110

Attorneys for Defendants Phyllis D'Hopp,
Connell & Schmidt Builders, LLC, J.D. Schmidt,
and Jesse Connell


## **JURY DEMAND**

Defendants Phyllis D'Hopp, Connell & Schmidt Builders, LLC, J.D. Schmidt, and Jesse Connell hereby respectfully demand trial by jury on all issues raised herein.


      /s/ Gerard J. Emig
      Gerard J. Emig

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THIS 2$^{\underline{nd}}$ day of July, 2008, a copy of the foregoing Answer to Amended Complaint and Jury Demand was served via first-class mail, postage pre-paid, on:

Alfred L. Stone
P.O. Box 56443
Washington, D.C. 20040

                                       /s/ Gerard J. Emig
                                            Gerard J. Emig