UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALFRED L. STONE,

    Plaintiff,

v.        Case No. 08-239 EGS

A-ADVANCE, LLC, et al.,

    Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION FOR SANCTIONS**

Defendants A-Advance, LLC d/b/a John G. Webster Company and Ralph Smith, by and through their attorneys, Jeffrey M. Schwaber, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., hereby oppose Plaintiff's Motion for Sanctions, and as grounds therefor state as follows:

I.    INTRODUCTION

Plaintiff has filed a baseless motion for Rule 11 sanctions which is not only wholly unsupported as a matter of substance, but fails to comply with the procedure for filing such a motion. Defendants properly answered the subject allegations in Plaintiff's Amended Complaint. Moreover, Rule 11 clearly requires that the motion be served but not filed or presented to the Court until the expiration of the 21 day notice period. Plaintiff completely failed to comply with this requirement. Defendants should be awarded their reasonable expenses, including attorney's fees, incurred in responding to this Motion as it is nothing more than an attempt to increase Defendants' expenses in defending this lawsuit.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

II. APPLICABLE LAW AND ARGUMENT

"The imposition of Rule 11 sanctions is not something the court takes lightly; Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings." Naegele v. Albers, 355 F. Supp. 2d 129, 144 (D.D.C. 2005)(citing Trout v. Garrett, 780 F. Supp. 1396, 1428 (D.D.C. 1991) ("the blunt instrument of sanctions against individual attorneys ought to be applied with restraint")). The Court analyzes a Rule 11 motion to determine if it meets both the procedural and substantive fairness requirements called for by Rule 11. The procedural fairness is determined by the two-prong test of notice and an opportunity to respond as set forth in Rule 11(c) and in determining the substantive fairness, the court applies an objective standard of reasonable inquiry. Id. at 146. Here, Plaintiff has failed to satisfy both the substantive and procedural requirements.

    A. Defendants properly answered the Amended Complaint and sanctions are not warranted.

Rule 11 sanctions are not warranted if "an attorney, or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on belief or a lack of information." Fed. R. Civ. P. 11(b).

Here, Plaintiff asserts that Defendants' counsel violated Rule 11 asserting lack of belief or information in response to paragraphs 7, 12 and denying paragraph 13 of the Amended Complaint, which state:

> 7. Plaintiff is a licensed African American Master Plumber & Gasfitter in the District of Columbia; and whose address is P.O. Box 56443, Washington, DC. 20040.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020


12. The Plaintiff Alfred L. Stone, an African American male, is licensed by the District of Columbia as a Master Plumber & Gasfitter.

13. On September 11, 2007, the Plaintiff was hired by the Defendant Webster (owned by members of the majority race) to supervise, design, and install the plumbing system at 3114 18th Street, NW, albeit, the D'Hopp Project.

Defendants properly answered these contentions. In response to paragraphs 7 and 12 Defendants stated that they are without sufficient knowledge, or information either to admit or deny the allegations therein. While Plaintiff maintained in paragraphs 7 and 12 that he is a licensed plumber, Defendants have no independent knowledge of his current status as such. Similarly, Defendants have no independent knowledge of the precise details of Plaintiff's ancestry, and did not acquire same simply because one of Defendants' attorneys has met Mr. Stone in person. Defendants' counsel would not presume to conclude simply from meeting Plaintiff that his ancestors hailed from one area of the world versus another and would not make generalizations about race and ethnicity based upon appearance. Finally, Defendants denied Plaintiff's characterization of his work at the D'Hopp residence set forth in paragraph 13 but admitted that Plaintiff was hired by Defendant Webster to perform plumbing work. Defendants' Answer was in no way designed to multiply, delay or hinder these proceedings, but simply to respond precisely to the allegations made.

In addition to lacking substantive merit, Plaintiff's Motion should be denied because it was filed in violation of the procedure set forth in Rule 11(c).

B. Plaintiff failed to comply with Rule 11(c) and Defendants should be awarded their <u>reasonable expenses, including attorney's fees</u>.

Rule 11(c)(2) states, in pertinent part:

> A motion for sanctions . . . must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

The first notice that Defendants received of Plaintiff's Motion was notification through the Court's electronic filing system.  Rule 11 specifically provides that the Motion should not have been filed or presented to the Court until the expiration of 21 days from service on the other side, to allow possible resolution of the issues presented in the Motion.  Here, Plaintiff completely ignored this requirement.  While Plaintiff is pro se, he is not excused from following the strict requirements of Rule 11 and, based upon his citation to the Rule and case law, Plaintiff is well versed in the rules of this Court and should be charged with complying with them.  Plaintiff's failure to comply with Rule 11(c), and to file a motion without substantive basis, warrants an award of reasonable expenses, including attorney's fees, to Defendants.

WHEREFORE, the premises considered, Defendants A-Advance, LLC d/b/a John G. Webster Company and Ralph Smith, request that Plaintiff's Motion for Sanctions be denied, that Defendants be awarded their reasonable expenses, including attorney's fees in responding to the Motion, and for such further relief as the Court deems just and proper.

    Respectfully submitted,

    STEIN, SPERLING, BENNETT, DE JONG,
    DRISCOLL & GREENFEIG, P.C.

By: /s/ Jeffrey M. Schwaber
    Jeffrey M. Schwaber (Bar No. 419681)
    25 West Middle Lane
    Rockville, Maryland 20850
    (301) 340-2020

*Attorneys for Defendants A-Advance, LLC d/b/a John G. Webster Company and Ralph Smith*

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 7th day of July 2008, a copy of the foregoing was mailed, first class, postage prepaid, to the following person(s):

Alfred L. Stone
P.O. Box 56443
Washington, DC 20040

    I HEREBY CERTIFY that on this 7th day of July 2008, a copy of the foregoing was served via the Court's electronic filing system on the following person(s):

Gerard John Emig
Matthew Focht
Gleason, Flynn, Emig & Fogleman, Chtd.
11 North Washington Street
Suite 400
Rockville, MD 20850

        s/ Jeffrey M. Schwaber
        Jeffrey M. Schwaber

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALFRED L. STONE,

    Plaintiff,

v.                                                       Case No. 08-239 EGS

A-ADVANCE, LLC, et al.,

    Defendants.

**<u>ORDER</u>**

UPON CONSIDERATION of Plaintiff's Motion for Sanctions, and Defendants' Memorandum of Points and Authorities in Opposition thereto, it is by the United States District Court for the District of Columbia this _____ day of _____, 2008, hereby

ORDERED that the Plaintiff's Motion for Sanctions be, and hereby is, DENIED; and it is further,

ORDERED that Defendants be and hereby are awarded their reasonable expenses, including attorney's fees in responding to the Motion, such fees to be submitted by Defendants by Affidavit within ten (10) days of the date of this Order.

IT IS SO ORDERED.

                                                              _____
                                                              Judge Emmett G. Sullivan,
                                                              United States District Court for the District of Columbia

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020