UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALFRED L. STONE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO: 1:08cv0239 EGS |
| | ) |
| PHYLLIS D'HOPP, et al., | ) |
| Official & Individual Capacity | ) |
| | ) |
| Defendants | ) |

RECEIVED JUL - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S VERIFIED MOTION FOR SANCTIONS AGAINST COUNSEL FOR THE DEFENDANTS PHYLLIS D'HOPP AND CONNELL & SCHMIDT

Plaintiff Alfred L. Stone, moves the Court as follows:

1. This motion is based upon Federal Rule of Civil Procedure 11, 28 U.S.C., Sec. 1927, and the inherent authority of the Court to award legal expenses to a litigant whose opponent acts in bad faith in conducting litigation.

2. The focus of Federal Rule of Civil Procedure 11:

   "Is to emphasize the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable; and, by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention."

   Wright & Miller, Federal Practice and Procedure, Civil 2d, Section 1331.

3. The Court must rely on counsel to present issues fully and fairly, and counsel has a continuing duty to inform the Court of any development which may conceivably affect an outcome. Fusari v. Steinburg, 419 U.S. 379, 390-91 95 S.Ct. 533, 540, 42 L.Ed.2d 521 (1975); as stated in; Douglas v. Donovan, 704 F.2d 1276 C.A.D.C. 1983.

1

4. According to the standard for Rule 11, Phyllis D'Hopp and Connell & Schmidt's answers to Paragraphs 7, 12, and 15 of the Plaintiff's Amended Complaint, filed with this Court on June 26th, 2008, fall short of their duty to be candid with the Court in their representations.

5. The Defendants Phyllis D'Hopp and Connell & Schmidt fall short of their duty of candor because they refuse to acknowledge to the Court that Phyllis D'Hopp, and Connell & Schmidt have personal knowledge that the Plaintiff is an African American male; and, they met the Plaintiff on September 11, 2007 when he was introduced to them by Ray Handy as Webster's new supervisor and was a licensed Master Plumber in the District of Columbia.

6. Furthermore, Gerard J. Emig, counsel for Phyllis D'Hopp and Connell & Schmidt, had a duty to confer with Matthew J. Focht, whom represented Phyllis D'Hopp and Connell & Schmidt at the May 22nd, 2008 joint conference; and, investigate his findings about the African American Plaintiff after meeting him face to face.

7. According to Rule 11, because Gerard J. Emig, counsel for Phyllis D'Hopp and Connell & Schmidt, signed the Defendants' answer to the Plaintiff's Amended Complaint; he had a duty to investigate his representations before making them to the Court; hence, counsel had a duty to be honest with the Court about the results of said investigation. Counsel had a duty to inform the Court of any developments that may conceivably affect an outcome. Fusari, at 390-91.

8. The Plaintiff submits to this Court that Gerard J. Emig failed to comply

with the requirements of Rule 11 in his answer to the Plaintiff's Amended Complaint, after the May 22nd, 2008 joint meeting. In his answer to the Amended Complaint, counsel still maintains the untenable position that he still lacks sufficient knowledge that the Plaintiff is an African American male. Moreover, after Ralph Smith and Webster admit they hired the Plaintiff in Paragraph 13, counsel still maintains the untenable position that Ralph Smith and Webster, a registered plumbing company, hired the Plaintiff to work in the District of Columbia without the authority to represent himself as being capable and qualified to perform plumbing services.

WHEREFORE, the Plaintiff prays the Court will order the Defendants Phyllis D'Hopp and Connell & Schmidt to respond candidly to Paragraphs 7, 12, and 15 of the Amended Complaint; and, sanction Gerard J. Emig for breaching his duty of candor to the Court. As such, the Plaintiff prays for all costs and legal expenses associated with bringing this motion.

I affirm under the penalty of perjury that the aforementioned statements are true and accurate.

*Alfred L. Stone* (signature)

Alfred L. Stone, Affiant

## CERTIFICATE OF SERVICE

I DO HEREBY SWEAR, that a copy of the foregoing proceeding was sent by,

U.S. Mail, first class, postage prepaid on, July 5, 2008 to:

Jeffrey M. Schwaber, Esquire
STEIN & SPERLING
25 West Middle Lane
Rockville, MD 20850

Gerard J. Emig, Esquire
GLEASON & FLYNN
11 N. Washington Street, Suite 400
Rockville Md. 20850

*Alfred L. Stone*
Alfred L. Stone, pro se
P.O. Box 56443
Washington, D.C. 20040
(202) 531-5211