IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALFRED L. STONE | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:08-cv-00239 (EGS) |
| CONNELL & SCHMIDT BUILDERS, LLC, *et al.* | : | |
| Defendants. | : | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendants Phyllis D'Hopp, Connell & Schmidt Builders, LLC, J.D. Schmidt, and Jesse Connell, by and through their attorneys, Gleason, Flynn, Emig & Fogleman, Chartered, hereby respectfully submit their Opposition to the Motion for Sanctions filed against their counsel by Plaintiff Alfred L. Stone, stating as follows:

As an initial matter, the Plaintiff's motion for sanctions against undersigned counsel is identical to the motion recently filed against counsel for Defendants A-Advance, LLC and Ralph Smith. Accordingly, undersigned counsel adopts the arguments made in opposition to that motion and incorporates them herein by reference.

Further, the Plaintiff has alleged that the Defendants' "answers to Paragraphs 7, 12, and 15 of the Plaintiff's Amended Complaint, filed with this Court on June 26th, 2008, fall short of their duty to be candid with the Court in their representations[1]." Plaintiff's Motion at Paragraph 5. In particular, Paragraph 7 of the Amended Complaint states that "Plaintiff is a licensed African American Master Plumber & Gasfitter in the District of Columbia; and, whose address is P.O. Box 56443, Washington, D.C. 20040." Similarly, Paragraph 12 of the Amended Complaint

---

[1] The Plaintiff did not object to these Defendants' responses to these allegations as contained in his original complaint.

states that "[t]he Plaintiff Alfred L. Stone, an African American male, is licensed by the District of Columbia as a Master Plumber & Gasfitter."  Finally, Paragraph 15 of the Amended Complaint states that "[t]he Plaintiff reported to the D'Hopp Project on September 20, 2007, and, was introduced to Phyllis D'Hopp, J.D. Connell, and Jesse Schmidt as a Master Plumber and Webster's new supervisor for the project[2]."  These Defendants' Answer to the Plaintiff's Amended Complaint was filed on or about July 2, 2008.  The instant motion for sanctions was filed with the Court on or about July 5, 2008.

As the Plaintiff indicated in his motion, undersigned counsel has met the Plaintiff in person, and he admittedly appears to be African American[3].  Nevertheless, the Plaintiff's racial background is as much a legal issue as it is a matter of mere observation in light of the fact that being "non-white" forms the basis of one of the essential elements of the Plaintiff's *prima facie* case under 42 U.S.C. §1981(a).  See Mitchell v. DCX, Inc., 274 F.Supp.2d 33, 44-45 (D.D.C. 2003) ("To establish a claim under §1981, a plaintiff must show that (1) [he or she is a member] of a racial minority [group]…")  Certainly, these Defendants are entitled to insist that the Plaintiff carry his burden as to each element of his statutory cause of action.  However, the fact remains that the Plaintiff's African American heritage was not seriously disputed by these Defendants and had the Plaintiff attempted to comply with the twenty-one (21) day "safe harbor" provision contained in Fed. R. Civ. P. 11(c)(2), this would have been made clear to the Plaintiff from the

---

[2] The Plaintiff's motion for sanctions cites this alleged conversation as taking place on September 11, 2007, while the Amended Complaint cites the conversation at issue as taking place on September 20, 2007.  Cf. Motion for Sanctions at Paragraph 5 and Amended Complaint at Paragraph 15.  This discrepancy alone underscores the propriety of these Defendants' responses to the Amended Complaint.

[3] While Gerard J. Emig, Esq.'s name appears on the signature line of the Answer to the Plaintiff's Amended Complaint as "lead counsel" in the case, undersigned counsel personally attended the Meet and Confer session ordered by the Court and drafted the Answer to the Amended Complaint at issue herein.  It is patently absurd to suggest that Mr. Emig had any duty to investigate further undersigned counsel's position that while the Plaintiff appeared to be African American, the other statements contained in the paragraphs at issue herein were factually debatable at best.

beginning. On the other hand, these Defendants have contested in good faith the remaining statements in the paragraphs at issue. See Fed. R. Civ. P. 8(b). In particular, these Defendants have demanded proof that the Plaintiff is a master plumber and gasfitter in good standing and that he had a conversation with these Defendants on or about September 11, 2007 and/or September 20, 2007 where he was introduced as a master plumber and the supervisor for the D'Hopp project. Indeed, Defendants A-Advance, LLC and Ralph Smith have challenged the Plaintiff's characterization of his role in the D'Hopp project, and these Defendants share that view. See Defendants A-Advance, LLC and Ralph Smith's Opposition to Motion for Sanctions at Page 3.

This Court has addressed previously a situation on all-fours with the circumstances presented in this case. In Lindsey v. United States, 448 F.Supp. 2d 37 (D.D.C. 2006), the United States Internal Revenue Service filed a motion to dismiss claims raised by taxpayers appearing *pro se* on the grounds that the taxpayers did not properly serve their complaint on the named defendants in the case and that the taxpayers failed to exhaust their available administrative remedies before bringing a lawsuit. Lindsey, 448 F. Supp.2d at 40-41. The plaintiffs responded by seeking Rule 11 sanctions against the attorneys who filed the motion to dismiss. Id., 448 F. Supp.2d at 41. In particular, the plaintiff's alleged that "[c]ounsels [sic] attempt to avoid subject matter and personal jurisdiction by misrepresenting that service was improper and that plaintiff(s) [sic] have not exhausted administrative remedies is unwarranted by existing law [sic], and fails to present a good faith basis for extension, modification or reversal of existing law." Id., 448 F. Supp.2d at 41, Fn. 2. In rejecting the plaintiff's claims for Rule 11 sanctions, the Honorable Reggie Walton of this Court wrote:

> Even if the bases upon which the plaintiffs seek sanctions were remotely persuasive, which they are not, the plaintiffs have apparently made no effort to

> comply with the provision of Rule 11(c)(1) that prescribes the method by which sanctions must be sought, including the 21-day waiting period between serving the motion for sanctions on the opposing party and filing the motion with the Court. *Allegations that counsel have engaged in conduct warranting sanctions under Rule 11 are not to be made cavalierly, and the plaintiffs are instructed to comply with the procedures prescribed by Rule 11 in the future if such allegations are proper to present to the Court.*

Id. (Internal citations omitted.) See also Lee v. Bradford, 2006 WL 2520614 at *2, Fn. 5 (D.D.C. August 30, 2006), citing, Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 142 (2d Cir. 2002) (Holding that is an abuse of discretion for a court to grant a party's motion for sanctions under Rule 11 when such motion was not made separately, was only included in the memorandum addressing other issues before the court, and was not served on the opposing party 21 days before filing.) Notwithstanding the clear lack of any legal basis for his motion, there can be little question that the Plaintiff is not entitled to an award of sanctions given the procedural defects associated with the manner in which he presented his Rule 11 motion to the Court.

It also must be noted that the premature filing of the instant motion represents the Plaintiff's second breach of this Court's Rules and Orders in the short history of this case. As indicated in a footnote in the Defendants' Meet and Confer Statement, the Plaintiff, despite being invited on several opportunities to submit proposed language and make suggested changes, flatly refused to participate in the drafting of the "Joint Meet and Confer Statement" and ultimately submitted his own statement in violation of the Court's instruction to the parties. Now, mere weeks later, the Plaintiff has filed a completely baseless motion for sanctions. In light of the Plaintiff's record to date, it is difficult to see the instant motion as anything other than a tactic to increase the fees and costs incurred by these Defendants in defending this case. The use of such tactics by the Plaintiff should be strongly discouraged by the Court at this juncture, lest it continue throughout the remainder of this litigation. While the Plaintiff is preceding *pro se* in

this case and as such is entitled to some "benefit of the doubt," he is not entitled to ignore outright the Federal Rules of Civil Procedure, the orders issued by this Court, the Court's Local Rules, and the standards for civility and cooperation expected of parties appearing before this Court.  See Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993). The importance of complying with these procedural safeguards should be impressed upon the Plaintiff in no uncertain terms, despite his *pro se* status.  Accordingly, Defendants Phyllis D'Hopp, Connell & Schmidt Builders, LLC, J.D. Schmidt, and Jesse Connell join the request of Defendants A-Advance, LLC and Ralph Smith that the Plaintiff be ordered to pay the Defendants' respective fees and costs associated with responding to these motions for sanctions and for any other relief the Court may find is proper under the circumstances.

WHEREFORE THE REASONS SET FORTH ABOVE, Defendants Phyllis D'Hopp, Connell & Schmidt Builders, LLC, J.D. Schmidt, and Jesse Connell hereby respectfully request that the Plaintiff's Motion for Sanctions against their counsel be denied and that the Plaintiff be ordered to pay these Defendants' fees and costs associated with responding to the instant motion for sanctions and for any other relief the Court may find is proper under the circumstances.

    Respectfully submitted,

    GLEASON, FLYNN, EMIG
    & FOGLEMAN, CHARTERED

       /s/ Matthew J. Focht
    Gerard J. Emig, #973609
    Matthew J. Focht, #480906
    11 North Washington Street, Suite 400
    Rockville, MD 20850
    (301) 294-2110

    Attorneys for Defendants Phyllis D'Hopp,
    Connell & Schmidt Builders, LLC, J.D. Schmidt,
    and Jesse Connell

## REQUEST FOR HEARING

Defendants Phyllis D'Hopp, Connell & Schmidt Builders, LLC, J.D. Schmidt, and Jesse Connell hereby respectfully request a hearing before the Court on all issues raised herein.

/s/ Matthew J. Focht<br>Matthew J. Focht

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THIS 9<u>th</u> day of July, 2008, a copy of the foregoing Defendants' Opposition to Motion for Sanctions was served via first-class mail, postage pre-paid, on:

Alfred L. Stone
P.O. Box 56443
Washington, D.C. 20040

/s/ Matthew J. Focht<br>Matthew J. Focht