UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALFRED L. STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0239 (EGS) |
| ) | Document Nos. 23, 25 |
| A-ADVANCE, LLC *et al.*, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the Court on plaintiff's motion for sanctions against counsel for defendant A-Advance, LLC (Dkt. No. 23), and a nearly identical motion for sanctions against counsel for defendants Phyllis D'Hopp and Connell & Schmidt (Dkt. No. 25). In addition, the Court has before it the parties' respective proposed scheduling orders contained in their separately filed meet and confer reports (Dkt. Nos. 15, 16). Upon consideration of the parties' submissions, the Court will deny plaintiff's motions for sanctions and adopt defendants' proposed schedule, which is not substantially different from plaintiff's proposed schedule.

Rule 11(c) of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions if it determines that subsection (b) governing counsel's representations to the Court has been violated by, *inter alia*, "the filing of papers that are frivolous, lacking in factual support, or "presented for any improper purpose, such as to harass[.]" *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). Plaintiff claims that defendants' respective attorneys were not candid in their Answers to certain paragraphs of the amended complaint that identified his race as African

2

American, Am. Compl. ¶¶ 7, 12, but the Court does not find defendants' responses evasive or unreasonable insofar as the paragraphs state other facts about which defendants could reasonably have had no immediate knowledge. In any event, defendants rightly assert that by filing his motions for sanctions within days of their Answers, plaintiff himself violated Rule 11 by not permitting time for defendants to correct or clarify their responses. A motion for sanctions "must be served under Rule 5, *but it must not be filed or be presented to the court* if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2) (emphasis added). Because plaintiff failed to satisfy the 21-day requirement, he cannot prevail on his motions for sanctions.[1] For the foregoing reasons, it is this 17th day of July 2008,

    ORDERED that plaintiff's motions for sanctions [Dkt. Nos. 23, 25] are DENIED; it is further

    ORDERED that the following deadlines shall govern the remainder of the proceedings:

        Initial Disclosures are due by July 21, 2008;

        Discovery shall close on November 30, 2008;

        Dispositive Motions are due by January 30, 2009;

        Oppositions are due by March 2, 2009;

        Replies are due by March 16, 2009; and it is further

---

[1] Defendants request that they be awarded reasonable expenses, including attorney's fees, for defending plaintiff's motions. Although the Court may award such relief "if warranted," Fed. R. Civ. P. 11(c)(2), it will not do so this time in part because collection may be problematic. Plaintiff, who is proceeding *in forma pauperis* and *pro se*, is nonetheless warned that baseless motions will not be tolerated and are subject to an award of costs and fees to the prevailing party.

3

ORDERED that the parties shall appear for a post-discovery status conference on Wednesday, December 10, 2008, at 12 noon.

                                            SIGNED:    EMMET G. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE